Glenn R. Kantor – SBN 122643
  E-mail: gkantor@kantorlaw.net
Brent Dorian Brehm – SBN 248983
  E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
Lynette Farley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE FARLEY,<br><br>        Plaintiff,<br><br>   vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | CASE NO:<br><br>COMPLAINT FOR DAMAGES<br><br>(1) BREACH OF CONTRACT<br><br>(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Lynette Farley herein sets forth the allegations of her Complaint against Defendant The Prudential Insurance Company of America.

**PRELIMINARY ALLEGATIONS**

1.  Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2.  Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3.  Plaintiff is informed and believes that Defendant The Prudential Insurance Company of America (hereinafter "Prudential") is a corporation incorporated in and with its principal place of business in the State of New Jersey,

authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4.     Plaintiff Lynette Farley is a resident and citizen of the County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT INSURANCE COMPANY FOR BREACH OF CONTRACT

5.     Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6.     Effective January 1, 2013, Prudential issued to Plaintiff's employer, the City of Santa Monica, group long term disability ("LTD") coverage pursuant to an insurance policy (hereinafter the "Policy"). The group contract number was G-50151-CA.

7.     All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid.  At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed.

8.     In or about September 2013, Plaintiff suffered a loss compensable under the terms of the Policy in that, as a result of her sickness, she became unable to perform with reasonable continuity the substantial and material acts necessary to pursue her usual occupation or any other occupation. She had suffered an "attack" of her multiple sclerosis. The "attack" caused incontinence, blurry vision, painful shocks in her hands when she used them, pain in her legs after standing, pain in her legs with sitting, difficulty with memory, and extreme fatigue.

9.     Plaintiff submitted an LTD claim to Prudential. She provided medical and documentary support for the disabling nature of her multiple sclerosis symptoms. Notwithstanding the clear evidence supporting Plaintiff's disability claim, Prudential denied Plaintiff's claim.

10. By letter dated February 13, 2013, Prudential advised Plaintiff that it had determined that benefits were not payable as it believed she was not disabled through the elimination period as defined by the Policy. Based on a January 6, 2014 medical note, Prudential asserted that Plaintiff was disabled from September 13, 2013 through October 13, 2013. Prudential indicated the elimination period ended on November 19, 2013.

11. Plaintiff appealed that determination on or about August 6, 2014. Prudential denied Plaintiff's appeal.

12. As a direct and proximate result of Prudential's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

13. Prudential's conduct constitutes a breach of the insurance contract between Prudential and Plaintiff.  As a direct and proximate result of Prudential's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

14. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

15. Prudential has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiffs in bad faith at

a time when Prudential knew Plaintiff was entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiff's claim;

(e) Intentionally and unreasonably applying pertinent policy provisions so as to limit Prudential's financial exposure and contractual obligations and to maximize profits;

(f) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing his/her full policy benefits.

16. Plaintiff is informed and believes and thereon alleges that Prudential has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

17. As a proximate result of the aforementioned wrongful conduct of Prudential, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

18. As a further proximate result of the aforementioned wrongful conduct of Prudential, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

19. As a further proximate result of the aforementioned wrongful conduct of Prudential, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Prudential is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

20. Prudential's conduct described herein was intended by Prudential to cause injury to Plaintiff, was despicable conduct carried on by Prudential with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Prudential with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Prudential.

21. Prudential's conduct in wrongfully terminating and denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Prudential's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against _as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $500,000 plus interest, including prejudgment interest;

    2.    General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

    3.    Punitive and exemplary damages in an amount in excess of $5,000,000.00;

    4.    A trebling of any punitive damages pursuant to California Civil Code § 3345;

    5.    Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

    6.    Costs of suit incurred herein; and

    7.    Such other and further relief as the Court deems just and proper.

DATED: September 8, 2015                    KANTOR & KANTOR, LLP

By   /s/ Brent Dorian Brehm
      Brent Dorian Brehm
      Attorneys for Plaintiff,
      LYNETTE FARLEY

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: September 8, 2015                    KANTOR & KANTOR, LLP

By   /s/ Brent Dorian Brehm
      Brent Dorian Brehm
      Attorneys for Plaintiff,
      LYNETTE FARLEY

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525